# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 17, 2009

Charles R. Fulbruge III
Clerk

No. 09-60203
Summary Calendar

OSAGIE IGHODARO,

Petitioner,

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order
of the Board of Immigration Appeals
BIA No. A088 788 351

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Osagie Ighodaro seeks review of an order of the Board of Immigration Appeals (BIA) denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We deny the petition.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I

Ighodaro is a citizen of Nigeria. He arrived in the United States in 2007 without possessing any valid entry documents. The Department of Homeland Security (DHS) conducted a credible-fear interview, in which Ighodaro claimed that he was fleeing death threats from a "secret occultic society" called the Okija Shrine group. The DHS concluded that Ighodaro had established a credible fear of persecution. The DHS then issued a Notice to Appear (NTA), asserting that Ighodaro was removable under Immigration and Nationality Act (INA) section 212(a)(7)(A)(i)(I). Ighodaro conceded removability and submitted an application for asylum, withholding of removal, and protection under the CAT. In his application, Ighodaro claimed that he had gone to Anambra, Nigeria to organize a Christian "crusade." A group of people identifying themselves as members of the Okija Shrine group attacked and beat him. He was later beaten again by Okija Shrine members and his cousin was killed. Ighodaro claimed that the group continued to threaten him when he moved to other cities in Nigeria. He left the country and, after stays in Guatemala and Mexico, came to the United States. After a trial, the Immigration Judge (IJ) denied Ighodaro's claims for relief from removal. Ighodaro appealed the IJ's decision to the BIA, which affirmed the IJ's judgment. This appeal followed.

## II

We review the BIA's factual findings to determine if they are supported by substantial evidence.[1] "Under the substantial evidence standard, reversal is improper unless we decide not only that the evidence supports a contrary

---

[1] *Rojas v. INS*, 937 F.2d 186, 189 (5th Cir. 1991).

conclusion, but also that the evidence *compels* it."[2]  We review the BIA's legal conclusions de novo.[3]

## III

On appeal, Ighodaro asserts that the BIA erred in denying his applications for asylum, withholding of removal, and protection under the CAT.  Under INA section 208(b)(1), the Attorney General has discretion to grant asylum to a "refugee."[4]  A refugee is defined as an alien who is unable or unwilling to return to his country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."[5]  Past persecution is "harm inflicted on the alien on account of a statutorily enumerated ground by the government or forces that a government is unable or unwilling to control."[6]   A well-founded fear of persecution, the other ground for relief, "results when a reasonable person in the same circumstances would fear persecution if deported."[7]  An applicant does not have a well-founded fear of persecution if he could avoid persecution by relocating to another part of his country.[8]  The petitioner bears the burden of proving that internal relocation was unreasonable, unless he demonstrates that

---

[2] *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (internal quotation marks omitted).

[3] *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007).

[4] 8 U.S.C. § 1158(b)(1).

[5] 8 U.S.C. § 1101(a)(42)(A).

[6] *Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006).

[7] *Id.*

[8] 8 C.F.R. § 208.13(b)(1)(i)(B).

the national government is the persecutor.[9] We have defined persecution as "[t]he infliction or suffering of harm, under government sanction, upon persons who differ in a way regarded as offensive (e.g., race, religion, political opinion, etc.), in a manner condemned by civilized governments."[10]

The BIA found that Ighodaro failed to demonstrate that the government of Nigeria was unwilling or unable to protect him from harm. This finding is supported by substantial evidence. As the BIA noted, the record shows that the Nigerian police responded quickly and thoroughly to the previous attacks of Okija Shrine members. Ighodaro's contention that the Okija Shrine group "control[s] and run[s] the government" is not supported by the evidence.

The BIA also found that Ighodaro failed to show that internal relocation alternatives were unreasonable. Substantial evidence supports this conclusion. The record demonstrates that there are large regions of Nigeria that are predominately Christian and that people subject to violence in one area often relocate to communities where their ethnic group is in the majority. While Ighodaro claims the Okija Shrine group operates throughout the country and that "it is not possible to avoid them," the record tends to establish that the group is confined to portions of only two states. Thus, Ighodaro has not established that internal relocation alternatives were unreasonable.

Because Ighodaro has not satisfied the asylum standard, he cannot meet the more stringent standard for withholding of removal.[11]

---

[9] *Id.* § 208.13(b)(1)(ii).

[10] *Chen v. Gonzales*, 470 F.3d 1131, 1135 (5th Cir. 2006) (internal quotation marks omitted).

[11] *See Eduard v. Ashcroft*, 379 F.3d 182, 186 n.2 (5th Cir. 2004).

To establish eligibility for relief under the CAT, an applicant must demonstrate that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal."[12]  Torture is defined as

> any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.[13]

The BIA found that Ighodaro failed to demonstrate that he would more likely than not be tortured in Nigeria by, at the instigation of, or with the consent or acquiescence of Nigerian government officials acting in an official capacity.  This conclusion is supported by substantial evidence.  As mentioned above, the Nigerian police immediately responded to and investigated the previous incidents of violence.  Furthermore, the record establishes that the government actively prosecuted the Okija Shrine group for crimes it committed.  Therefore, the BIA did not err when it denied Ighodaro's claim under the CAT.

\*     \*     \*

Therefore, for the reasons discussed above, we DENY Ighodaro's petition for review; we also DENY his motion for appointment of counsel.

---

[12] 8 C.F.R. § 208.16(c)(2).

[13] 8 C.F.R. § 208.18(a)(1).